**Robert Hamilton**
**Office of the Federal Public Defender**
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**(503) 326-2123 Telephone**
**(503) 326-5524 Facsimile**
**robert_hamilton@fd.org**

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:18-cr-00157-HZ-1 |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| **CRAIG FRANCIS HABERMAN,** | |
| Defendant. | |

I.     INTRODUCTION

Craig Haberman will come before the Court for a sentencing hearing on one count of bank robbery in violation 18 U.S.C. § 2113(a). He respectfully asks the Court to impose a sentence of 24 months imprisonment, followed by three years of supervision.

## II. BACKGROUND

Mr. Haberman is 66 years old. He has a history of mental health struggles and is on social security disability. PSR, ¶¶ 60, 67. On March 28, 2018, Mr. Haberman entered U.S. Bank in Astoria—his own bank—and told the teller that it was a robbery. PSR, ¶ 13. He instructed the teller to give him all the money and no dye packs. The teller handed over $211. *Id*. Mr. Haberman then exited the bank, took a cab to a motel, and paid for a room. *Id*., ¶¶ 14-15. Mr. Haberman had not been wearing a disguise, and multiple bank employees recognized him. Responding officers located Mr. Haberman at the motel a short while later and he was arrested. He was cooperative with the officers albeit intoxicated, and all $211 was recovered. *Id*.

The bank robbery was the culmination of events that began with a back surgery Mr. Haberman underwent in June of 2017. PSR, ¶ 62. To manage pain after the surgery, Mr. Haberman was prescribed oxycodone. *Id*., ¶ 64. Mr. Haberman began to feel addicted to opioids and in December 2017 refused further prescriptions. *Id*. Instead, to manage back pain, Mr. Haberman began self-medicating with alcohol, a substance he has had a long struggle with. *Id*., ¶¶ 69, 71. Because of alcohol induced behavior, Mr. Haberman was evicted from his low income housing. PSR, ¶ 60. Out of money and facing homelessness, in an act of desperation, Mr. Haberman robbed the bank he regularly banks at.

Mr. Haberman entered a plea of guilty to the one charged count on October 23, 2018, pursuant to a plea agreement. CR 24. Under the terms of the plea agreement, the parties agree that Mr. Haberman's Total Offense Level is 19, and the government agrees

to an additional three level downward variance in consideration of 3553(a) factors, resulting in an adjusted total offense level of 16. CR 24, ¶¶ 7-9. The parties concur with the PSR's determination that Mr. Haberman is a Criminal History Category III. PSR, ¶ 48. The government agrees to request a low end sentence of the applicable guideline (27 months). *Id*., ¶ 9. The PSR adopts the 27 month recommendation of the government. Mr. Haberman reserved the right to seek a further downward variance. *Id*., ¶ 10.

### III. THE PARSIMONY CLAUSE AND THE LEGAL FRAMEWORK FOR FEDERAL SENTENCING

As set forth in the Sentencing Reform Act of 1984, two main principles govern federal sentencing. First, "[t]he court, in determining *whether* to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a)(emphasis added).

Second, and most fundamental, under 18 U.S.C. § 3553(a), a district court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). This "parsimony clause" acts as "a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress." *United States v. Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010). *See also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) ("The overarching statutory

charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."). A sentence that violates this "parsimony principle" is a substantively unreasonable sentence. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009); *Carty*, 520 F.3d at 993 ("substantively unreasonable sentence will be set aside").

Although the advisory sentencing guidelines are neither presumptive nor mandatory, they do establish a "starting point" for determining a sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). In short, they need not be followed but may not be ignored completely. A district court's incorrect calculation of the guidelines would be considered "procedural error." *Carty*, 520 F.3d at 993. "It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *Id*.

### IV. FACTORS TO BE CONSIDERED, WHEN APPLICABLE, IN IMPOSING A SENTENCE UNDER 18 U.S.C. § 3553.

18 U.S.C. § 3553(a) contains seven subsections that may be conceptually divided into three parts.

### a. Nature and Circumstances of the Offense and History and Characteristics of Defendant (3553(a)(1)).

The first part – 18 U.S.C. § 3553(a)(1) – directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

*1. Nature and Circumstances of the Offense*

As described above, Mr. Haberman robbed a bank which he was a customer of. He did not disguise himself and was recognized by multiple employees. He received $211 and immediately got a cab to a motel where he paid for a room. Mr. Haberman was cooperative with police officers when they located him at the motel room. Mr. Haberman had recently been evicted from his low income housing, and had been struggling with alcoholism after a recent back surgery.

*2. History and Characteristics of the Defendant*

Mr. Haberman is 66 years old and on SSD. As reflected in the PSR, he has a long history of alcohol abuse that has caused him many problems. PSR, ¶ 71. He appeared to be doing well after his release from the state hospital, but then relapsed after a back surgery, after which he was taking opiates and then progressed to self-medicating with alcohol. PSR, ¶ 64.

He also has a long history with mental health issues, having been diagnosed with schizoaffective disorder during his stay at the state hospital. PSR, ¶ 67. However, Mr. Haberman is currently taking medication, and records reflect he has a history of taking his medication. In the present case, when arrested, he was carrying his medications.

Mr. Haberman understands he needs to attend treatment to address his alcoholism and is willing to do so. He also will need assistance in establishing stable housing. Mr. Haberman will benefit from the BOP's transitional placement in a halfway house, where he can restart his SSD, look for housing, and attend outpatient treatment. Mr. Haberman's brother and mother live in Sacramento, California, and although they cannot provide a permanent living situation, they have indicated they can help him get back on his feet.

### b. The Purposes of Sentencing (3553(a)(2))

The second part of 18 U.S.C. § 3553(a) – § 3553(a)(2) – directs the court to decide whether punishment is needed, particularly by applying several listed considerations.

> 1. *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Given the nature and circumstances of the offense, and Mr. Haberman's characteristics and history, the sentence sought by the defendant (and also by the government and probation), would address this need.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct.*

The individualized consideration required by § 3553(a) includes a case by case determination of what measures a particular offender may or may not require to deter him or her from engaging in further criminal behavior. Again, given the circumstances, this

need is addressed by the sentence requested. More important than deterrence, is addressing mental health, substance abuse, and housing issues.

> *3. The need for the sentence imposed to protect the public from further crimes of the defendant.*

In addition to a term of imprisonment, Mr. Haberman will be placed on three years of supervision. That supervision will provide Mr. Haberman access to treatment and housing resources that will address this concern.

> *4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Similar to the factor above, Mr. Haberman is most in need of treatment for his alcoholism and assistance with housing. A sentence to the requested term of imprisonment, with three years of supervision, addresses this need.

**c. Other Considerations (3553(a)(3)-(7))**

The third focus of 3553(a) – § 3553(a)(3) – (7) – requires the Court to consider a range of factors that place the sentence in perspective with similar cases and address pragmatic needs created by the offense. Those factors include the kinds of sentences available, the guidelines' sentencing range, any pertinent policy statements by the Sentencing Commission, the need to avoid "unwarranted" disparities among similarly situated defendants, and restitution.

The PSR correctly addresses the kinds of sentences available and correctly calculates the guideline range. The issue of unwarranted sentencing disparities is not present here. Further, the issue of restitution is not an issue, as the money was recovered.

**CONCLUSION**

Mr. Haberman respectfully asks for a sentence of 24 months imprisonment, followed by three years of supervised release. Given time served (of approximately 11 months), this would maximize Mr. Haberman's available time for placement in a halfway house, which he needs to address housing issues, and to successfully transition into the community.

Respectfully submitted on February 13, 2019.

    */s/ Robert Hamilton*
Robert Hamilton
Assistant Federal Public Defender