BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**HANNAH HORSLEY, CASB #220436**
Assistant United States Attorney
Hannah.Horsley@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:18-cr-00157-HZ** |
| **v.** | |
| **CRAIG FRANCIS HABERMAN,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Hannah Horsley, Assistant United States Attorney, submits this sentencing memorandum.  The government respectfully recommends that the Court sentence defendant to a 27-month term of imprisonment, followed by three years of supervised release.

## FACTUAL BACKGROUND

The United States accepts the summary of defendant's offense conduct set forth in the Presentence Investigation Report (PSR).  PSR ¶¶ 13-15.  Defendant robbed a U.S. Bank located

in Astoria, Oregon.  PSR ¶ 13,  Police arrested him shortly thereafter, and seized the stolen

money.  PSR ¶ 15. Defendant appeared to be intoxicated at the time.  *Id.*

## ADVISORY GUIDELINES CALCULATION

There is no dispute regarding the sentencing guideline calculation, and the government

accepts the calculation set forth in the PSR.  PSR ¶¶ 20-29, 48, 77.  Defendant pled guilty and

accepted responsibility for his conduct, resulting in a total offense level of 19.  PSR ¶ 29.  The

government recommends a three-level downward variance pursuant to 18 U.S.C. §3553(a)

because of the defendant's history of serious mental illness and alcoholism, which contributed to

his criminal conduct.  PSR ¶¶ 60, 64-71.  If granted, the final offense level would be 16.

With a criminal history category of III, the advisory sentencing guidelines range is 27 to

33 months imprisonment.  *See* PSR Sentencing Recommendation and PSR ¶ 78.

## SENTENCING RECOMMENDATION

The government respectfully recommends that the Court impose a sentence at the low

end of the guideline range, which is 27 months, followed by a three-year term of supervised

release.  This is a reasonable sentence that accomplishes the statutory goals of sentencing.

Although defendant did not use violence or threats of violence to carry out the bank robbery, he

has a long criminal history that includes violence and threats.  PSR ¶¶ 33-45.  It is also

noteworthy that some of his assaultive and dangerous conduct occurred shortly before the bank

robbery and, most recently, while defendant has been detained pending trial.  PSR ¶¶ 12, 50, 51.

A 27-month sentence will address the seriousness of the offense, the defendant's history and

characteristics, and the need to protect the public.

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The remaining statutory factors this Court must consider include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7); *see also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

The government further recommends that the Court impose a three-year term of supervised release, with all of the recommended conditions that are designed to help him stay sober, receive the medical and mental health treatment he needs, and lead a law-abiding life.

The Court must also order defendant to pay full restitution to U.S. Bank in the amount of $211.00. PSR ¶ 87. The robbery proceeds that were seized from the defendant at the time of his arrest, will be transferred to the Clerk of Court to be credited toward the restitution order. The

///

///

Court must also order defendant to pay the mandatory $100 fee assessment. Defendant does not

appear to have the financial resources to pay a fine.

Dated: February 13, 2019                    Respectfully submitted,

                                            BILLY J. WILLIAMS
                                            United States Attorney

                                            *s/ Hannah Horsley*
                                            HANNAH HORSLEY, CASB #220436
                                            Assistant United States Attorney